**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Ft. Lauderdale Division

In re:                                                  Case No.: 18-22233-JKO
                                                        Chapter 11
CONSIS INTERNATIONAL, LLC,

      Debtor.

_____/

## CHAPTER 11 PLAN OF REORGANIZATION
## PROPOSED BY DEBTOR

Dated:  March 8, 2019

Aleida Martinez Molina, Esq.
Weiss Serota Helfman Cole Bierman, PL
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134
Tel: 305-854-0800
Fax: 305-854-2323
E-mail: amartinez@wsh-law.com

ATTORNEY FOR DEBTOR

# TABLE OF CONTENTS

*Table of Contents* ............................................................................................................................. i

***ARTICLE I Defined Terms and Rules of Interpretation*** ................................................................ 1

    *1.1 Defined Terms* ............................................................................................................... 1

    *1.2 Rules of Interpretation* ................................................................................................. 3

***ARTICLE II Classification of Claims and Interests*** ..................................................................... 4

    *2.1 Unclassified Claims* ...................................................................................................... 4

    *2.2 Classified Claims* .......................................................................................................... 5

***ARTICLE III Treatment of Claims and Interests*** ......................................................................... 6

    *3.1 Treatment of Unclassified Claims* ................................................................................ 6

    *3.2 Treatment of Classified Claims and Interests* ............................................................. 6

    *3.3 Disputed Claims* ........................................................................................................... 7

    *3.4 Executory Contracts* ..................................................................................................... 7

    *3.5 Plan Funding* ................................................................................................................ 7

***ARTICLE IV Provisions Governing Voting and Confirmation*** ................................................... 8

    *4.1 Acceptance or Rejection of the Plan* ............................................................................ 8

    *4.2 Voting Procedures* ........................................................................................................ 8

    *4.3 Confirmation* .............................................................................................................. 10

***ARTICLE V Provisions Governing Distribution*** ....................................................................... 10

    *5.1 Distribution in Cash* ................................................................................................... 10

    *5.2 Retention of Property* ................................................................................................. 11

***ARTICLE VI Effect of Confirmation*** ......................................................................................... 12

    *6.1 Discharge of the Debtor* ............................................................................................. 12

    *6.2 Revesting* .................................................................................................................... 12

    *6.3 Binding Effect* ............................................................................................................ 12

    *6.4 Term of Injunctions or Stays* ..................................................................................... 12

    *6.5 Exculpation* ................................................................................................................ 13

    *6.6 Indemnification* .......................................................................................................... 13

    *6.7 Causes of Action* ........................................................................................................ 14

    *6.8 Breach and Remedies* ................................................................................................. 14

***ARTICLE VII MISCELLANEOUS Provisions*** ........................................................................... 14

    *Modification and Revocation* ............................................................................................ 14

*8.1 Authority to Execute Further Documents* ............................................................. *14*

*8.2 Substantial Consummation of the Plan* ................................................................ *14*

*8.3 Severability* ......................................................................................................... *14*

*8.4 Notices* ............................................................................................................... *15*

*8.5 Governing Law* .................................................................................................... *15*

*8.6 Computing Time* .................................................................................................. *15*

*8.7 Admissions* ......................................................................................................... *15*

*8.9 Post-Petition Interest* .......................................................................................... *15*

*8.10 Retention of Jurisdiction by the Bankruptcy Court* ............................................ *15*

*8.11 Savings Clause* .................................................................................................. *17*

***Schedule A Ballot*** ....................................................................................................**18**

Consis International, LLC proposes this Plan of Reorganization pursuant to 11 U.S.C. § 1121, *et seq.* Please refer to the Disclosure Statement for a discussion of the history, operation, assets, liabilities, projections, risk factors, and a summary and analysis of this Plan.

## ARTICLE I
## DEFINED TERMS AND RULES OF INTERPRETATION

## 1.1 DEFINED TERMS

As used in this Plan, the following terms have the meanings set forth below.  All definitions stated in 11 U.S.C. § 101, and section 718.103, Florida Statutes, are incorporated by reference in this Plan.

1.1.1.    "*Administrative Expense Claim*" means any Claim for costs and expenses of the administration of this Chapter 11 case, which are allowed by 11 U.S.C. § 507(a)(2).

1.1.2.    "*Allowed Claim*" means any Claim or portion thereof that is
(a) Not listed by the Debtor in the Schedules as unliquidated, disputed, or contingent; or
(b) A proof of claim is timely filed; and which claim has either been
(1) Specifically allowed under this Plan;
(2) Allowed by Final Order of the Bankruptcy Court; or
(3) No interested party, including the Debtor, has filed an objection to such claim.

1.1.3.    "*Allowed Unsecured Claim*" means
(a) An Allowed Claim which is not secured by the property of the estate or not subject to a setoff; or
(b) An to the extent an Allowed Claim exceeds that value of:
(1) The property of the estate that secures such Claim; or
(2) The right to a setoff.

1.1.4.    "*Allowed Administrative Expense Claim*" means an Administrative Expense Claim that is allowed by a Final Order of the Bankruptcy Court.

1.1.5.    "*Ballot*" means each of the ballot forms distributed to each holder of an Impaired Claim that is entitled to vote to accept or reject this Plan and on which the holder of such Impaired Claim is to indicate, among other things, acceptance or rejection of this Plan.

1.1.6.    "*Bankruptcy Code*" means Title 11 of the United States Code.

1.1.7.    "*Bankruptcy Court*" means the United States Bankruptcy Court for the Southern District of Florida.

1

1.1.8.    "*Cash*" means lawful currency of the United States of America, including, without limitation, bank deposits, checks, and other similar items.

1.1.9.    "*Claim*" means a right to payment or equitable remedy as defined by 11 U.S.C. § 101(5).

1.1.10.    "*Claims Bar Date*" means the Deadline to File a Proof of Claim as indicated in the Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors & Deadlines and the Clarification Order herein  [DE 68].

1.1.11.    "*Class*" means a category of Claims or Interests as described in Article II.

1.1.12.    "*Confirmation Date*" means the date on which the Bankruptcy Court enters a Confirmation Order.

1.1.13.    "*Confirmation Hearing*" means the hearing held by the Bankruptcy Court pursuant to 11 U.S.C. § 1128 to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

1.1.14.    "*Confirmation Order*" means the order of the Bankruptcy Court confirming this Plan pursuant to 11 U.S.C. § 1129.

1.1.15.    "*Debtor*" means Consis International, LLC.

1.1.16.    "*Effective Date*" means the date of substantial consummation of the Plan, which shall be the first business day after the expiration of ninety (90) days of the Confirmation Date or, in the event of stay pending appeal, after the expiration of ninety (90) days after the entry of a Final Order either lifting the stay pending appeal or affirming the Confirmation Order.

1.1.17.    "*Final Order*" means an order or judgment of the Bankruptcy Court or any other court of competent jurisdiction as to which the time to appeal, petition for certiorari, or move for re-argument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for re-argument or rehearing are then pending; or as to which any right to appeal, petition for certiorari, reargue, or rehear has  been  waived in writing in form and substance satisfactory to the  Debtor; provided, however, that the possibility that a motion under Federal Rule of Civil Procedure 60, or any analogous rule under the state law, may be filed with respect to such order shall not preclude such order from being a Final Order.

1.1.18.    "*General Unsecured Claims*" means Unsecured Claims and specifically refer to Claims included in Class 7 as described in Article II.

1.1.19.    "*Impaired Claim*" means an Allowed Claim or Interest that is impaired within the meaning of 11 U.S.C. § 1124.

1.1.20.    "*Impaired Class*" means a Class of Claims consisting of Impaired Claims.

1.1.21.    "*Interest*" means equity security interests in the Debtor as defined in 11 U.S.C. § 101(16).

1.1.22.    "*IRS*" means the Internal Revenue Service.

1.1.23.    "*Local Rules*" means the Local Rules of the Bankruptcy Court of the Southern District of Florida.

1.1.24.    "*Petition Date*" means October 2, 2018.

1.1.25.    "*Plan*" means this Plan of Reorganization in the present form or as it may be amended, modified, or supplemented from time to time.

1.1.26.    "*Priority Tax Claim*" means a Claim that is entitled to priority under 11 U.S.C. § 507(a)(8).

1.1.27.    "*Pro Rata*" means, with respect to any Allowed Claim, the proportion that such Allowed Claim bears to the aggregate of all Allowed Claims in the applicable Class.

1.1.28.    "*Unimpaired Claim*" means an Allowed Claim that is not impaired as defined in 11 U.S.C. § 1124(b).

1.1.29.    "*Unimpaired Class*" means a Class of Claims consisting of Unimpaired Claims.

1.1.30.    "*Unsecured Claim*" means a Claim that is not secured by the property of the estate or subject to a setoff as defined by 11 U.S.C. § 506.

1.1.31.    "*U.S. Trustee*" means the United States Trustee appointed under 28 U.S.C. § 581 to serve the Southern District of Florida.

1.1.32.    "*U.S. Trustee Fees*" means the fees due to the U.S. Trustee as required by 28 U.S.C. § 1930(a)(6).

1.1.33.    "*Voting Deadline*" means the date set forth by the Court.

## 1.2 RULES OF INTERPRETATION

Unless otherwise provided herein, the following rules apply in interpreting this Plan.

1.2.1.    Each term, whether stated in singular or plural, will include both the singular and plural whenever appropriate.

1.2.2.    Each reference to a document filed in the Chapter 11 case means such document as it may have been or may be amended, modified, or supplemented pursuant to the Plan.

1.2.3.    Each reference to an entity or individual herein shall, without limitation, also refer to such entity or individual's successor, assignees, devisees, legatees, heirs, administrators, executors, and grantees.

1.2.4.    Each reference to a Section or Article shall refer to the corresponding Section or Article within this Plan.

1.2.5.    The terms "herein," "hereunder," "hereof," and "hereto" shall refer to this Plan in its entirety.

1.2.6.    Each caption or heading to an Article or Section in this Plan are for convenience of reference only and shall not limit the construction or effect of the Plan.

1.2.7.    This Plan is governed by federal law. The construction, interpretation, and enforcement of this Plan shall be in accordance with the Bankruptcy Code, Bankruptcy Rules, and unless preempted by federal law including orders of the Bankruptcy Court, by applicable provisions of chapter 718, Florida Statutes.

1.2.8.    Rules of Construction in 11 U.S.C. § 102 is expressly incorporated in this Plan.

1.2.9.    Each time period stated in this Plan shall be computed in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

1.2.10.    In the event of any inconsistency between this Plan and any Exhibit to this Plan, the Disclosure Statement, or any other instrument or document created or executed pursuant to this Plan, the Plan shall govern. In the event of an inconsistency between this Plan and the Order Confirming this Plan, the Confirmation Order shall govern.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

Excluding Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees, which are unclassified pursuant to 11 U.S.C. § 1123(a)(1), all Claims and Interests are placed in Classes as set forth below. A Claim or Interest is placed in a Class only to the extent such Claim or Interest falls within the description of that Class. A Claim or Interest may be classified into two (2) or more Classes to the extent such Claim or Interest falls within the description of such other Classes. A Claim or Interest is entitled to distribution to the extent of its Allowed Claim which has not been paid, released, or otherwise settled prior to the Effective Date.

## 2.1 UNCLASSIFIED CLAIMS

The following Claims are unclassified. They are also Unimpaired Claims and are not entitled to vote on the Plan.

2.1.1.     Administrative Expense Claims

2.1.2.     Priority Tax Claims

2.1.3.     U.S. Trustee Fees

## 2.2 CLASSIFIED CLAIMS

The following table assigns Claims and Interests into Classes by number for the purpose of identification.

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| Class 1 | Secured Claim of Centennial Bank as successor by merger to Stonegate Bank [Claim #2] | Unimpaired | No [Deemed accepted] |
| Class 2 | Secured Claim of U.S. SBA as successor to Florida First Capital Finance [Claim #8] | Unimpaired | No [Deemed accepted] |
| Class 3 | General Unsecured Claims | Impaired | Yes |
| Class 4 | General Unsecured  Claims of Insiders | Impaired | Yes |
| Class 5 | Contingent Unsecured Claims | Unimpaired | No [Deemed accepted] |
| Class 6 | Equity | Impaired | No |
|  |  |  |  |

2.2.1.     Unimpaired Classes that are deemed to have accepted the Plan under 11 U.S.C. § 1126(f), are not entitled to vote on the Plan:

        2.2.1.a.     *Class 1* - Secured claim of  Centennial Bank [Claim #2]
        2.2.1.b.     *Class 2* – Secured Claim of SBA [Claim #8]

        2.2.1.c.     *Class  5* – Contingent Unsecured Claims [Claim #6, #7, #10, #11]

2.2.2.     Impaired Classes that are entitled to vote on the Plan:

        2.2.2.a.     *Class 3* – General Unsecured Claims of: Internal Revenue Service [Claim #1], Capital One Bank [Claim #2, #3], Fora Financial Advance LLC  [Claim #9], Almacen Oller, S.A. [Claim #12], Machado Meyer, Zurich Shared Services.

        2.2.2.b.     *Class 4* – General Unsecured Claims of Insiders: Carrera, Lucena, Marcano, Medina

## ARTICLE    III TREATMENT OF CLAIMS AND INTERESTS
## 3.1 TREATMENT OF UNCLASSIFIED CLAIMS

3.1.1.    *Administrative Expense Claims*: Subject to the provisions of 11 U.S.C. §§ 330(a), 331, and 503(b), each Allowed Administrative Expense Claim shall be paid in full, in Cash, in such amount as incurred in the ordinary course of business and allowed by the Bankruptcy Court, upon the later of the Effective Date or the date on which an order approving payment of such Administrative Expense Claim becomes a Final Order.

3.1.2.    *Priority Tax Claims*: Debtor estimates that the total claim amount for Priority Tax Claims due on the Effective Date would be $342.00. As such, this disbursements would be made under a Priority Tax Claim.

3.1.3.    *U.S. Trustee Fees*: All fees required to be paid under 28 U.S.C. § 1930(a)(6) will be timely paid, as they become due, until the case is closed.  Any amount due as of the Effective Date will be paid as an Administrative Expense Claim.

## 3.2 TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

**Class 1**: Secured Claim of Centennial Bank, claim #2.  Class 1 is unimpaired by the Plan.

**Class 2**: Secured claim of U.S. SBA, claim #8.  Class 2 is unimpaired by the Plan.

**Class 3**: General Unsecured Claims.  Class 3 consists of Allowed Claims numbered #1 (IRS unsecured), #3 and #4 (Capital One Bank), #9 (Fora Financial Advance LLC) and #12 (Almacen Oller, S.A.)  and the others not listed as either disputed, contingent or unliquidated in Debtor's Schedule F (Machado Meyer, Zurich Shared Services).  This class shall receive 93% of their Allowed Claim amount. This class is impaired by the Plan and its members are entitled to vote.

**Class 4**: General Unsecured Claims of Insiders.  Class 4 consists of the claims of insiders (Carrera, Lucena, Marcano Medina) as set forth in Debtor's Schedule F.  Class 4 will not receive a distribution under the Plan.  This class is impaired by the Plan and its members are entitled to vote.

**Class 5**: Contingent Unsecured Claims.  Class 5 consists of the claims of contingent unsecured creditors filing claim #6,  (La Boliviana Ciacruz Seguros Personales);  claim #7 (La Bolivia Ciacruz Seguros y Reaseguros); claim #10 (Aseguradora Suiza Salvadoraena (sic) S.A.; claim #11 (Aseuisa (sic) Vida, S.A., Seguros de Personas).  The Debtor abandons any interest it may have in property of the Debtor held by or on behalf of members of this class, including intellectual property, software, programming, licenses, codes as well as tangible property in the form of manuals and instructions.  Upon same and by operation of law pursuant to the class 5 proofs of claim, the claims of this class will be extinguished. Thus Class 5 is unimpaired and not entitled to vote.

**Class 6**: Interest of Members of the Debtor, LLC. Class 6 consists of the claims of the members' equity interest in Debtor. Members of this class will not withdraw capital or receive Accumulated Adjustment Account distributions. Members of this class will provide new value to the Debtor as necessary to fund the Plan pursuant to the Cash Flow analysis attached to the Disclosure Statement.  Class 6 is impaired.

6

## 3.2 <u>DISPUTED CLAIMS</u>

3.3.1.    *Withholding Distribution*: Notwithstanding any other provision of the Plan, no payments or distributions provided under the Plan shall be made on account of a Claim unless and until such Claim is allowed. To the extent a disputed claim ultimately becomes allowed by a Final Order of the Bankruptcy Court, distributions shall be made according to the provisions of the Plan.

3.3.2.    *No Late Filed Claims Allowed*: Any entity that failed to file a Proof of Claim by the Claims Bar Date or was not otherwise permitted to file a proof of claim after the applicable Claims Bar Date by a Final Order of the Bankruptcy Court shall be barred from claiming against the debtor any amounts in excess of the amounts listed in the Schedules as liquidated, undisputed, or non-contingent, or a claim in different nature than the Claim identified by the Schedules.

3.3.3.    *No Amendments to Claims*: No amendment to a timely filed Proof of Claim shall be allowed after the Claims Bar Date other than by the Debtor's consent. Any amended Proof of Claim filed after the Claims Bar Date without the Debtor's consent or Final Order of the Bankruptcy Court shall be deemed disallowed without the need for further order of the Bankruptcy Court.

## 3.4    <u>EXECUTORY CONTRACTS</u>

3.4.1.    *Treatment of Executory Contracts and Unexpired Leases*: On the Effective Date, all executory contracts and unexpired leases will be deemed assumed unless such executory contract or unexpired lease was previously rejected by order of the Bankruptcy Court or the subject of a motion to reject filed on or before the Effective Date.

3.4.2.    *Objections to Assumption, Rejection, or Cure*: Any objection to the assumption, rejection, or cure of an executory contract or unexpired lease shall be filed in this case and served on the Debtor no later than fourteen (14) days prior to the confirmation hearing.

## 3.5 <u>PLAN FUNDING</u>

The Debtor will fund the Plan with funds collected from its accounts receivables, cash in hand on the Effective Date and general operations. The Debtor shall dedicate a portion of its operations and other receivables for funding the plan such that sufficient funds for disbursement of all classified claims in Classes 1, 2 and 3 are available on the Effective Date.

## ARTICLE IV
## PROVISIONS GOVERNING VOTING AND CONFIRMATION

### 4.1 ACCEPTANCE OR REJECTION OF THE PLAN

4.1.1.  *Unimpaired Classes and Impaired Classes with No Distribution or Retention of Property Under the Plan*: Unimpaired Classes are deemed to have accepted the Plan pursuant to 11 U.S.C. § 1126(f) and Impaired Classes that receive no distribution under the Plan and do not retain any property under the Plan are deemed to have rejected the Plan pursuant to 11 U.S.C. § 1126(g). Therefore, a holder of a Claim or Interest in Classes 1, 2, and 5 are not entitled to vote to accept or reject the Plan.

4.1.2.  *Impaired Classes Entitled to Vote*: Only impaired Classes receiving distribution or retaining property under the Plan are entitled to vote to accept or reject the Plan. Therefore, holders of a Claim in Classes 3 and 4 are entitled to vote.

4.1.3.  *Acceptance by a Class*:  Without regard to the holders of Claims that voted to reject the Plan or abstained from voting, all holders of Claims in a Class entitled to vote would be deemed to have accepted the Plan under 11 U.S.C. § 1126(c), if both the following requirements are met

    i.   The holders of at least two thirds in amount of the Allowed Claims within the Class who have actually voted have voted to accept the Plan; and

    ii.  The holders of more than one-half of the number of the Allowed Claims within the Class who have actually voted have voted to accept the Plan.

### 4.2  VOTING PROCEDURES

4.2.1.  *Execution of Ballots*: Federal Rule of Bankruptcy Procedure 3018(c) governs the execution of Ballots. Ballots are enclosed with the Plan for voting purposes. Completed Ballots signed by a trustee, executor, administrator, guardian, attorney- in-fact, officers of corporations, or other representative acting in a fiduciary or representative capacity must indicate such capacity when signing. Ballot signatories must submit proper evidence of his or her capacity at the Debtor's request. Failure to do so may result in the Ballot being deemed invalid or not counted.

4.2.2.  *Deadline for Voting and Delivery*: The deadline for submitting Ballots for the acceptance or rejection of the Plan is_____, 2019, at 5:00 pm. Eastern Standard Time. All Ballots must be in the form provided and received at or before the Voting Deadline and must be filed in this case. All Ballots must be delivered to:

        Clerk of Bankruptcy Court
        United States Courthouse
        301 North Miami Avenue
        Miami, Florida 33128

With a copy to:
Aleida Martinez Molina, Esq.
Weiss Serota Helfman Cole & Bierman, P.L.
2525 Ponce de Leon Boulevard, Suite 700
Coral Gables, Florida 33134

4.2.3.     *Withdrawal of Ballots*: A holder of a Claim that filed a Ballot may revoke the Ballot by Notice of Withdrawal executed, delivered, and filed, to be received before the Voting Deadline, in the same manner provided for execution, delivery, and filing of Ballots. A holder of a Claim that filed a Notice of Withdrawal may later file a Ballot accepting or rejecting the Plan subject to the voting procedures herein.

4.2.4.     *Defects and Irregularities in Ballots*: All questions regarding the validity, form, eligibility, acceptance, revocation, and withdrawal of Ballots will be determined by the Debtor at its sole discretion. The Debtor reserves the right to reject any ballots not in proper form.  Any defects in the form and delivery of Ballots must be cured

on or before the voting deadline. All rejected Ballots, if any, will be indicated in the Ballot Summary and will be provided with the Ballot Summary.

4.2.4.a.     Improperly executed ballots in contravention of Federal Rule of Bankruptcy Procedure 3018(c) shall be rejected.

4.2.4.b.     Ballots that are not properly delivered shall be rejected.

4.2.4.c.     Ballots that are not actually received prior to the Voting Deadline shall be rejected.

4.2.4.d.     A properly executed and timely delivered Ballot which does not indicate whether the holder of the Claim has voted to accept or reject the Plan shall be counted as a vote accepting the Plan.

4.2.4.e.     A properly executed and timely delivered Ballot which indicates both acceptance and rejection of the Plan shall be counted as a vote accepting the Plan.

4.2.4.f.     A vote may be disregarded if the Bankruptcy Court determines that the vote was not cast in good faith or was not procured or solicited in good faith.

4.2.4.g.     If more than one properly executed and timely delivered ballot is filed by a holder of a Claim, the later filed Ballot shall be deemed a revocation of the earlier filed Ballot.

## 4.3 <u>CONFIRMATION</u>

4.3.1.   *Standard for Confirmation*: The Bankruptcy Court shall confirm this Plan only if  it finds that the Plan complies with the provisions of 11 U.S.C. § 1129(a) or (b). Among other things, for this Plan to be confirmable under 11 U.S.C. § 1129(a), each Impaired Class must accept the Plan. In the event an Impaired Class has not accepted the Plan, the Plan may still be confirmed if: (a) at least one Impaired Class has accepted the Plan; and (b) the Bankruptcy Court finds that the Plan does not unfairly discriminate and is fair and equitable.

4.3.2.   *Conditions for Confirmation*: In addition to the statutory requirements for confirmation, the Plan and the Confirmation Order shall be in form and substance reasonably acceptable to the Debtor.

## <u>ARTICLE  V: DISTRIBUTIONS</u>

## <u>5.1 CASH DISTRIBUTIONS</u>

5.1.1.   *Payment Procedure*: Except otherwise provided in the Plan, all Cash distributions shall be made by the Debtor to the holder of each Allowed Claim at the address on the Schedules or Proof of Claim unless the Debtor has been notified of a change in address or assignment of claim that provides a payment address different from the address reflected in the Schedules or Proof of Claim. In the event of a discrepancy in the address as reflected by the Schedules and a Proof of Claim filed by the holder of the Claim, the payment shall be sent to the address as reflected in the Proof of Claim.

5.1.2.   *Method of Payment*: Any Cash payment required to be paid under the Plan may be made in Cash, by draft, check, wire transfer, or as otherwise provided in any relevant agreement at the Debtor's option.

5.1.3.   *Rounding*: When a distribution to an Allowed Claim would otherwise result in payment of a fraction of one cent the actual distribution shall be rounded up if the fraction is ½ or greater and rounded down if the fraction is less than ½.

5.1.4.   *Returned Payments*: Any payment that is returned as undeliverable shall be held by the Debtor in trust until it is notified of such holder's current address. If the Debtor receives notice of the current address within ninety (90), such returned distributions shall be made to such holder at the current address. Any payment unclaimed after ninety (90) days of the initial distribution of such payment will be deemed abandoned property under 11 U.S.C. § 347(b) and any entitlement of the holder of such payment to receive distributions under the Plan shall be extinguished.

5.2

5.2.1.    *Unclaimed Payments*: Any payment unclaimed for a period of ninety (90) days after the date of distribution shall be deemed abandoned property under 11 U.S.C. § 347(b) and shall vest in the Debtor.

5.2.2.    *Distribution Withheld for Disputed Claims*: No distributions shall be made on any Claim that is disputed until a Final Order allowing such Claim is entered by the Bankruptcy Court. The Debtor shall retain the estimated amount of disbursement for such Claim in reserve until the resolution of any dispute. Disbursements in the amounts as allowed by the Final Order of the Bankruptcy Court shall be made in cash within ninety (90) days of the entry of such order unless otherwise provided in the order allowing the claim or agreement of the parties.

5.2.3.    *Distribution Withheld for Claims with Disputes as to Holder*: If any dispute arises as to the identity of the holder who is entitled to receive distribution under an Allowed Claim, the Debtor shall withhold distribution until the disposition of   the dispute by Final Order of the Bankruptcy Court or by written agreement among all interested parties.

5.2.4.    *Surplus Provision*: The abandonment of property under 11 U.S.C. § 347(b) or the disallowance of a disputed claim or allowance of a disputed claim in an amount less than held in trust for the payment of such disputed claim shall vest in the Debtor. No surplus distributions shall be made to holders of Allowed Claims.

5.2.5.    *Post-Petition Interest*: Unless expressly provided in the Plan, the Confirmation Order, or by agreement between the Debtor and a holder of an Allowed Claim, post-petition interest shall not accrue on account of any Claim.

### 5.3 **RETENTION OF PROPERTY**

5.2.l.    *Surrender of Property to Claims 6, 7, 10, 11*: The Debtor intends to  abandon any intangible, intellectual property in the possession of holder of Claims 6, 7, 10, 11 upon confirmation of the Plan.

## ARTICLE VI
## EFFECT OF CONFIRMATION

### 6.1 DISCHARGE OF THE DEBTOR

Pursuant to 11 U.S.C. § 1141(d)(1)(A), the Debtor shall be discharged of all debts that arose prior to Confirmation Date, except for the obligations created by this Plan, upon confirmation of the Plan.

### 6.2 REVESTING

Pursuant to 11 U.S.C. § 1141(b), on the Confirmation Date, all property of the Debtor and its operations shall be released from the custody and jurisdiction of the Bankruptcy Court. The Debtor may operate its business and may use, acquire, and dispose of property without any restrictions of the Bankruptcy Code or Bankruptcy Rules, subject only to the provisions of the confirmed Plan.

### 6.3 BINDING EFFECT

The provisions of the Confirmed Plan shall be binding on all creditors, equity interest holders, and the Debtor and their respective successors and assigns, regardless of whether a Claim or Interest of such holder is Impaired under the Plan, accepts the Plan, or is entitled to a distribution under the Plan. The obligations created in the Confirmed Plan replace those obligations to creditors that existed prior to the Confirmation Date. If the obligations created under the Confirmed Plan are not satisfied through performance of the Plan, such failure to perform creates a basis for the Debtor to file an action for breach of contract.

### 6.4 TERM OF INJUNCTIONS OR STAYS

6.4.1.    *General Discharge Injunction*: All persons who have held, hold, or may hold a Claim or Interest from and after the Effective Date, will be permanently enjoined from:

6.4.1.a.    Commencing or continuing any action or proceeding of any kind on or relating to any Claim or Interest that was or could have been asserted in this Chapter 11 case against the Debtor, the Debtor's property, or the Debtor's successors and assigns;

6.4.1.b.    The enforcement, attachment, collection, or recovery by any manner of a judgment, award, decree, or order against the Debtor, the Debtor's property, or the Debtor's successors or assigns with respect to such Claim or Interest;

6.4.1.c.    Creating, perfecting, or enforcing any encumbrance of any kind against the Debtor, the Debtor's property, or the Debtor's successors or assigns with respect to such Claim or Interest;

12

6.4.1.d.    Asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due to the Debtor or the Debtor's successors and assigns, or against the Debtor's respective property with respect to such Claim or Interest.

6.4.2.    *Bankruptcy Injunctions and Stays*: Unless otherwise provided in the Confirmation Order, all injunctions imposed under 11 U.S.C. §§ 105 and 362 shall remain in full force and effect.

6.4.3.    *Injunction Against Interference with the Plan*:  After Confirmation Date, all holders of Claims and Interests and other interested parties, including their agents, directors, officers, principals, employees, successors, and assigns shall be enjoined from taking any action to impede the implementation and consummation of the Plan other than those actions authorized by the Bankruptcy Code.

## 6.5 **EXCULPATION**

6.5.1.    *Debtor's Liability*: The Debtor and its representatives shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The Debtor shall have no liability to any holder of any Claim or Interest or any other person for any act or omission in connection with or arising out of this Chapter 11 case, the Plan, the Disclosure Statement, the solicitation of votes for and the pursuit of confirmation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for fraud, willful misconduct, or gross negligence as determined by the Bankruptcy Court. The Debtor shall be entitled to rely upon the advice of counsel with respect to its duties and responsibilities under the Plan.

6.5.2.    *Professionals' Liability*: Any professionals employed by the Debtor with respect to this Chapter 11 case shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The case professionals shall have no liability to any holder of any Claim or Interest or any other person for any act or omission in connection with, or arising out of, this Chapter 11 case, the Plan, the Disclosure Statement, the solicitation of votes for and the pursuit of confirmation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for fraud, willful misconduct, or gross negligence as determined by the Bankruptcy Court.

## 6.6 **INDEMNIFICATION**

The Debtor's obligations under any pre-petition agreement to indemnify any person with respect to Claims arising prior to the Confirmation Date will be deemed and treated as executory contracts only to the extent such claim is insured under the Debtor's general liability policies.

13

### 6.7 CAUSES OF ACTION

As of the Effective Date, all estate causes of action shall be retained by the Debtor provided. The Debtor has not identified any avoidable transfers and does not believe any exists. The Debtor does not intend to pursue preference, fraudulent conveyance, or other avoidance actions.

### BREACH AND REMEDIES

If the Debtor fails to make any payment, or to perform any other obligation under the Confirmed Plan for more than ten (10) days after the time specified in the Plan for such performance, any member of an affected class may serve upon the Debtor and the Debtor's counsel a written notice of default. If the Debtor fails to cure the default, to obtain an extension of time to cure the default, or to file a motion with the Court for a determination that no default has occurred, within thirty (30) days after the date of service of the notice of default, the Debtor is in material breach under the Plan. Upon material breach, any member of an affected class may pursue its lawful remedies to enforce and collect the Debtor's pre-confirmation obligations.

### ARTICLE VII MISCELLANEOUS PROVISIONS

### MODIFICATION AND REVOCATION

The Debtor reserves the right to modify the Plan in accordance with 11 U.S.C. § 1127, if for any reason the Plan cannot be consummated after the Confirmation. The Debtor reserves the right to revoke and withdraw the Plan any time prior to the Confirmation.

### AUTHORITY TO EXECUTE FURTHER DOCUMENTS

The Debtor shall be authorized to execute, deliver, file, and/or record such documents, contracts, releases, and other agreements as necessary to effectuate the terms of the Plan.

### SUBSTANTIAL CONSUMMATION OF THE PLAN

The Debtor believes that the Plan will be substantially consumed on or as soon as reasonably practicable after the Effective Date.

### SEVERABILITY

If any provision of the Plan is determined to be unenforceable, the determination will not in any way limit the enforceability and the operative effect of any other provision of the Plan.

## **NOTICES**

Any notice to the Debtor shall be in writing, and be deemed delivered upon actual receipt by the Debtor's counsel and shall be sent via Certified U.S. mail, facsimile, or email to:

> Aleida Martinez Molina, Esq.
> Weiss Serota Helfman Cole & Bierman, P.L.
> 2525 Ponce de Leon Boulevard, Suite 700
> Coral Gables, Florida 33134
> Fax: 305-854-2323
> E-mail: amartinez@wsh-law.com

## **GOVERNING LAW**

To the extent state law applies to the Plan to govern the rights, duties, and obligations arising under the Plan, such rights duties and obligations shall be governed, construed, and enforced in accordance with the laws of the State of Florida.

## **COMPUTING TIME**

Federal Rule of Bankruptcy Procedure 9006 shall govern the computation of any time or extension of time under the Plan.

## **ADMISSIONS**

Nothing contained in this Disclosure Statement shall be deemed an admission of the Debtor or be used as evidence against the Debtor or its successors, assignees, or agents.

## **POST-PETITION INTEREST**

Unless expressly provided in the Plan, the Confirmation Order, or any contract, instrument, release, settlement, or other agreement entered into in connection with the Plan or required by applicable law, post-petition interest shall not accrue on or after the Petition Date on the account of any Claim.

## **RETENTION OF JURISDICTION BY THE BANKRUPTCY COURT**

The Bankruptcy Court shall retain jurisdiction over these proceedings after the Confirmation Date of this Plan until the entry of the final decree pursuant to Federal Rule of Bankruptcy Procedure 3022 for the following purposes:

1. To enable the Debtor to consummate the Plan and any amended or modified Plan and to resolve any disputes arising with respect thereto;

15

2.  To enable the Debtor to prosecute any and all proceedings that it may bring prior to the entry of the Confirmation Order;

3.  To determine all controversies relating to or concerning the classification, subordination, allowance, valuation, or satisfaction of Claims;

4.  To liquidate or estimate for purposes of allowance all contested, contingent, or unliquidated Claims;

5.  To determine the validity, extent, and priority of all liens, if any, against the property of the estate;

6.  To determine all assertions of an ownership interest in, the value of, or title to, any property of the estate;

7.  To determine all applications for compensation and reimbursement and objections to Administrative Claims;

8.  To determine all adversary proceedings, contested or litigation matters brought before the Bankruptcy Court and any and all claims or causes of action asserted by the Debtor;

9.  Without limiting the generality of the preceding paragraph, to determine any avoidance action brought by the Debtor;

10. To determine all controversies arising out of any purchase, sale, or contract made or undertaken by the Debtor prior to the Confirmation Date;

11. To enforce all agreements assumed, if any, and to recover all property of the estate, wherever located;

12. To determine any tax liability of the estate in connection with the Plan, actions taken, distributions, or transfers made thereunder;

13. To enforce any and all releases and injunctions created pursuant to the terms of the Plan;

14. To modify the Plan or to remedy any defect or omission or reconcile any inconsistencies in the Plan either before or after the entry of the Confirmation Order;

15. To hear and determine all controversies, suits, and disputes that may arise in connection with the interpretation or enforcement of the Plan;

16. To make such orders as are necessary or appropriate to carry out the provisions of the Plan; and

17. To enter a Final Decree pursuant to Bankruptcy Rule 3022.

## **SAVINGS CLAUSE**

Any minor defect or inconsistency in the Plan may be corrected or amended by the Confirmation Order.

After the Effective Date, the Debtor may, with approval of the Bankruptcy Court, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purpose and effect of the Plan, so long as such remedy does not materially and adversely affect the interests of the creditors.

## **SCHEDULE A**
## **BALLOT**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Ft. Lauderdale Division

In re:                                           Case No.: 18-22233-JKO
                                                 Chapter 11
CONSIS INTERNATIONAL, LLC,

         Debtor.

_____/

## BALLOT AND DEADLINE FOR FILING BALLOT ACCEPTING OR REJECTING PLAN

*TO HAVE YOUR VOTE COUNT YOU MUST COMPLETE AND RETURN THIS BALLOT BY THE DEADLINE INDICATED BELOW [AS SET PURSUANT TO LOCAL RULE 3018-1(B)]*

*The plan filed by Consis International, LLC, can be confirmed by the court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class and the holders of two-thirds in amount of equity security interests in each class voting on the plan. In the event the requisite acceptances are not obtained, the court may nevertheless confirm the plan if the court finds that the plan accords fair and equitable treatment to the class rejecting it.*

*This ballot is for creditor (insert name)_____ for the following type of claim placed in the indicated class in the indicated amount:*

| *TYPE OF CLAIM* | *CLASS IN PLAN* | *AMOUNT OF CLAIM* |
|---|---|---|
| ☐ Unsecured | Class 3 | $ |
| ☐ Unsecured | Class 4 | $ |

The undersigned ☐Accepts ☐Rejects the plan for reorganization of the above-named debtor.

Signed:_____ Print Name: _____

Address:_____ Phone:_____ Date: _

☐☐☐**FILE THIS BALLOT ON OR BEFORE**_____☐☐☐

with:   Clerk of Bankruptcy Court

  301 North Miami Avenue, Miami, Florida 33128

**If you have more than one type of claim against this debtor, separate ballots must be filed and you should receive a ballot for each type of claim eligible to vote. Contact the plan proponent regarding incorrect or insufficient ballot(s).**